CASE 9————————DECEMBER 13.

# Hobbs, &c. vs. King, &c.

### APPEAL FROM LINCOLN CIRCUIT COURT.

The supersedeas bond, demanded by *section* 887 *of the Civil Code*, provides for the security of the appellee, not only in case of affirmance, but also in case of reversal, to the extent of the judgment appealed from, where the court of appeals shall direct a judgment in his favor to be rendered by the inferior court.

Sureties in a supersedeas bond, under the clause that they will "satisfy *any* judgment or order which the court of appeals may render, or *order* to be rendered by the inferior court," not exceeding in amount of value the judgment appealed from, are liable, although the judgment be reversed, where the court directs a judgment to be entered by the inferior court in favor of the appellee against the appellant, for the judgment entered in pursuance of the mandate.

Fox & BELL, for appellants.

G. W. DUNLAP, on same side, cited *Civil Code, sec.* 887.

A. A. BURTON, for appellees, cited *Civil Code, sec.* 887.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This action is founded upon two *supersedeas* bonds executed in conformity to the requisitions of the Civil Code, (*sec.* 887,) and the only question presented relates to the extent and scope of the stipulations therein contained.

The obligors undertake as follows :

"Now the appellant as principal, and J. R. Hutchinson as surety, hereby covenant to and with the appellees, that they will satisfy and pay the judgment, and all costs and damages that may be adjudged against the said appellant, in case the judgment shall be *affirmed*, and that they will satisfy *any judgment* or order which the court of appeals may render, or *order* to be rendered by the inferior court, not exceeding in amount of value the judgment, and also pay all rents, hire, or damages to property during the pendency of the appeal, of which the appellee is kept out of possession by reason thereof."

The plaintiffs in this action, who were appellees in the judgments superseded, averred in substance, that one of said judgments had been in effect affirmed, and that the other judgment was reversed, but that said reversal was not substantial, but

merely technical : and that this court had further ordered that the Lincoln circuit court—from which said appeals had been prosecuted—should render a judgment in favor of the appellees and against the appellants for $103, with interest from March 1858, and 50 cents costs, and should also render a further judgment in said case in favor of the appellees—naming them—and against the appellants, for the sum of $512 66, with interest from September 15, 1859, until paid, and 50 cents costs ; and they likewise averred that said judgments, so directed to be rendered, were afterwards rendered by the said circuit court, and then stood in full force, not appealed from, and wholly unsatisfied.

By an amended petition they aver that they had also obtained a judgment for costs against said appellants, and that it was also in obedience to the mandate of this court, and was likewise unsatisfied.

Their allegations in regard to the judgments of this and the inferior court, are all admitted or at least not controverted.

There were other matters set up in the petition touching some alleged fraudulent sales, &c., which were sought to be vacated, but which were put in issue by the pleadings.

The circuit court, upon hearing, rendered a judgment in favor of the plaintiffs for the amount of the two judgments mentioned, but continued the action as to the other questions.

It is contended, for the appellants, that the *reversal* of the judgments appealed from exonerated the sureties in the bonds from liability—certainly from the subsequent judgments of the circuit court.

We confess ourselves unable to perceive upon what ground this objection to the judgment can be upheld. They do not controvert the allegations that said judgments were rendered in pursuance of the mandate of this court, and it is expressly "nominated" in each bond, not only that they will satisfy and pay the judgment appealed form, and all costs and damages that may be adjudged against the said appellant "in case the judgment shall be affirmed," but also, "that they will satisfy *any* judgment or order which the court of appeals may render,

or *order* to be rendered by the inferior court," not exceeding in amount of value the judgment appealed from.

The bonds demanded by the section of the Civil Code, *supra*, —such as we have before us—are materially different from the supersedeas bonds prescribed by the act of 1812.   (1 *Dig.*, 135.) They provide for the security of the appellee not only in case of affirmance, but also in case of a reversal, to the extent of the judgment appealed from, when this court shall direct a judgment in his favor in the inferior court.

In regard to the ground for reversal relied on by appellees upon their cross-appeal, it is only necessary to say that the question concerning the costs was not decided by the court below, but continued with the other questions in the case, and that it is not now before us for revision.

Wherefore the judgment of the circuit court is *affirmed*.